**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3660

_____

JOHN WILLARD FULLER

v.

CHRISTOPHER NARKIN; NICHOLAS DUMAS; SEAN FORSYTH

Christopher Narkin,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-16-cv-00995)
District Court Judge: Honorable Gerald A. McHugh

_____

Submitted under Third Circuit LAR 34.1(a)
on November 14, 2019

Before:  JORDAN, SCIRICA and RENDELL, Circuit Judges

**RENDELL**, <u>Circuit Judge</u>:

This case concerns a high-speed police chase that ended with Appellant Police Officer Christopher Narkin shooting and wounding Appellee John Fuller. Fuller sued Narkin under 42 U.S.C. § 1983 for excessive use of force. Narkin appeals the District Court's denial of his motion to dismiss Fuller's § 1983 claim. For the following reason, we will dismiss this interlocutory appeal for lack of jurisdiction.

## I. Background

On October 16, 2014, Fuller led Officer Narkin on a high-speed chase through Norristown, Pennsylvania while driving a semi-trailer truck. The chase ended when Fuller crashed into a guardrail and disabled the truck. Fuller alleges that after the crash, he raised his arms in surrender and did not "engage[] in any threatening behavior." A. 26. According to Fuller, Narkin fired three shots after he had surrendered, one of which struck him in the arm.

Fuller brought a § 1983 action against Narkin, alleging excessive force in violation of his rights under the Fourth Amendment. Narkin filed a motion to dismiss on qualified immunity grounds, which the District Court denied.[1] The District Court accepted Fuller's

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Narkin also argued that Fuller's § 1983 claim was barred under *Heck v. Humphrey*, which requires dismissal of a plaintiff's § 1983 claim that "necessarily impl[ies] the

factual allegations, which state that "whatever threatening conduct [Fuller] might have engaged in, he had desisted at the time he was shot." A. 12. Accordingly, the District Court denied Narkin qualified immunity because it is clearly established that an officer may not use force on a suspect who has surrendered. This interlocutory appeal followed.

## II. Discussion

As a threshold matter, we must determine whether we have jurisdiction to hear this interlocutory appeal. Under the collateral order doctrine, we have jurisdiction over a district court's order denying qualified immunity "only to the extent that [the denial] turns on an issue of law." *Dougherty v. Sch. Dist. Of Phila*, 772 F.3d 979, 986 (3d Cir. 2014) (citation and internal quotation marks omitted). We "possess jurisdiction to review whether the set of facts identified by the district court is sufficient to establish a violation of a clearly established constitutional right," however "we lack jurisdiction to consider whether the district court correctly identified the set of facts . . . ." *Bland v. City of Newark*, 900 F.3d 77, 82–83 (3d Cir. 2018) (quoting *Ziccardi v. City of Philadelphia*, 288 F.3d 57, 61 (3d Cir. 2002)).

Narkin acknowledges the limits of our jurisdiction, but nonetheless urges us to revisit the District Court's version of the facts. Narkin argues that the District Court erred in accepting the factual allegations in Fuller's complaint because there is "no basis in any record of this case" that Fuller had surrendered at the time he was shot. Appellant

---

invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). The District Court rejected this argument.

Br. 16. Narkin does not make a legal argument that he is entitled to qualified immunity under the District Court's version of the facts. Instead, Narkin asks us to conduct an in-depth review of the underlying criminal record to determine whether the District Court identified the correct set of facts. Since this involves a question of fact, not of law, we lack jurisdiction over his interlocutory appeal.[2]

## III.    Conclusion

For the foregoing reason, we will dismiss this appeal for lack of jurisdiction.

---

[2] Narkin argues that we have jurisdiction to review the District Court's *Heck* ruling because it is "inextricably intertwined" with the issue of qualified immunity. Appellant Br. 14. Not only do we lack pendant appellate jurisdiction over the District Court's *Heck* ruling, Narkin also fails to make any substantive argument on this issue, as required under Federal Rule of Appellate Procedure 28(a).